IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD EUGENE MARTIN, JR.,      *
          Plaintiff,

                            *

     v.                      CIVIL ACTION NO. DKC-08-1302

                            *

J. HARVY,
          Defendant.        *

                       ******

## <u>MEMORANDUM OPINION</u>

Defendant has moved for summary judgment against Plaintiff Donald Eugene Martin, Jr.

Paper No. 22.  Plaintiff has filed an opposition and Defendant has replied.  Paper Nos. 26 and 27.

The issues in the case have been fully briefed and no hearing is necessary.  *See* Local Rule 105.6 (D.

Md. 2009).  For the reasons stated below, the dispositive motion filed by Defendant shall be granted.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine issue
> as to any material fact and that the moving party is entitled to a
> judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat

the motion:

> By its very terms, this standard provides that the mere existence of
> *some* alleged factual dispute between the parties will not defeat an
> otherwise properly supported motion for summary judgment; the
> requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Background

Plaintiff alleges that while a pretrial detainee housed at the Montgomery County Correctional Center, he was subjected to excessive force by correction employee J. Harvy.[1]  Paper No. 1.  The parties dispute the facts concerning the altercation and the extent of Plaintiff's injuries arising from the altercation.   Paper Nos. 22, 26 and 27.

## Analysis

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other

---

[1] The docket shall be amended to reflect the correct name of Defendant J. Harvin.

2

Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

The uncontroverted records demonstrate that Plaintiff was issued a Notice of Infraction as a result of the altercation with Defendant.  Paper No. 22, Ex. 5.  After a full administrative hearing, Plaintiff was found guilty of  assault, battery or the attempt thereof on a Department of Correction and Rehabilitation staff, disobeying  a written or verbal order from staff, disorderly conduct or engaging in horseplay,  and exhibition, demonstration or conveyance of obscenity, insolence, threat or disrespect in any manner toward any person.  *Id.*, Ex. 5.  Plaintiff requested a review of the administrative proceeding.  The administrative hearing affirmed the guilty findings.  *Id.*, Ex. 5. Plaintiff  also filed a complaint form wherein he requested copies of the pictures taken after the altercation.  *Id.*  He did not however, file any grievance concerning the alleged use of excessive force.[2]  *Id.*, Ex. 4.

Montgomery County Department of Correction and Rehabilitation has established a five step inmate grievance process.  Paper No. 27, Ex. 5.  Review of adjustment committee decisions are not grievable matters and as such any appeal from a decision of the adjustment committee does not constitute exhaustion of administrative remedies as to any ancillary complaints.  *Id.*

Plaintiff does not dispute that he did not institute any grievance proceedings regarding the alleged assault upon him by Defendant.  Rather he appears to claim that his transfer from the Montgomery County Detention Center (MCDC) to the Montgomery County Correctional Facility (MCCF) days after the assault prevented him from filing a grievance.  Paper No. 26.  The court finds this contention unavailing given that Plaintiff filed an appeal of his adjustment decision and a grievance concerning his effort to secure copies of the photographs of his injuries while he was

---

[2] Plaintiff does have a history of using the grievance process, yet failed to grieve the incident complained of here. Paper No. 22, Ex. 5.

detained by MCCF. Paper No. 22, Ex. 4 and 5.  Accordingly, the court finds that Plaintiff has failed to exhaust available administrative remedies with regard to his claim of excessive force. Unlike the prisoner plaintiff in *Taylor v. Barnett*, 105 F.Supp. 483, 486 (E.D. Va. 2000), prison officials do not appear to have frustrated Plaintiff's attempts at exhaustion; instead, Plaintiff through his own actions failed to institute and pursue his administrative remedies.

### Conclusion

Defendant's Motion for Summary Judgment is granted.  Judgment shall be entered in favor of Defendant and against Plaintiff.  A separate order follows.


Date:  __February 2, 2010__            _____/s/_____
                                       DEBORAH K. CHASANOW
                                       United States District Judge